DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which modified appellant's child support obligation for the parties' minor child. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.
Appellant sets forth the following assignments of error:
 "(1) The trial court, in setting Appellant's gross annual income, failed to properly average Appellant's overtime and bonus monies for the three years prior.
 "(2) The trial court failed to take into consideration the fact that Appellant would be in possession of the parties' minor child a greater amount of time than the standard order of visitation contemplates.
 "(3) The trial court should have awarded the income tax child dependency exemption to Defendant."
The facts that are relevant to the issues raised on appeal are as follows. The parties were divorced in 1992. Appellee was designated custodial parent of the parties' minor child and appellant was ordered to pay child support of $50 per week. An administrative review of the original child support order was held on November 17, 1997 in response to appellant's request. As a result of the review, the Erie County Child Support Enforcement Agency ("CSEA") recommended that appellant's child support obligation be increased to $117.66 per week. Appellant objected to the recommendation and requested an administrative hearing, which was held on January 28, 1998. After reviewing the evidence presented, the hearing officer recommended that appellant's child support obligation be modified upward to $503.71 per month.
Appellant filed objections to the CSEA administrative decision, and on September 2, 1998, a hearing was held before a magistrate in the Domestic Relations Division of the Erie County Court of Common Pleas. The following evidence was presented at the hearing.
Belinda Higgins, administrative hearing officer for the Erie County Child Support Enforcement Agency, testified as to her review of the child support orders in this case. Higgins stated that, pursuant to appellee's request, the original order was reviewed by a specialist, who recommended the increase to $117.66 per week, effective November 17, 1997. Higgins testified that appellant then requested the administrative hearing. She stated that appellee provided the hearing officer with a financial affidavit, her 1996 tax return, fourteen check stubs, day care verification and employer verification. The agency determined appellee's gross annual income to be $17,708.82. Higgins further testified that appellant presented the agency with a financial affidavit, 1995 and 1996 tax returns with W-2 forms, check stubs, verification of insurance for the child, and employer verification. She stated that the agency determined appellant's 1997 year-to-date gross income to be $37,049.19.
Appellee testified to her income for 1997 and her child care expenses. She also testified that appellant has their child in his care every other weekend and sometimes for a few hours during the week, as well as alternating holidays and four weeks during the summer, pursuant to the standard court order. Appellee stated that appellant occasionally provides their son with clothing but that he did not buy any of the child's school clothing for the current year. Appellee estimated that during 1997 appellant spent approximately $250 or $300 on items for their son.
Appellant testified that he had care of his son for approximately one hundred twenty days during 1997, but he said that total included partial days consisting of three-or four-hour visits. Appellant testified that until October 1997 he lived fifty miles from appellee and did not see his son outside of the standard visitations. He added that in October he moved to within three or four miles of them which has made it possible for him to see his son more often. Appellant stated that appellee's estimate of $250 for his purchases of miscellaneous items for their son was probably accurate.
On September 29, 1998, the magistrate issued a decision recommending that the findings of the Erie County CSEA be accepted and that appellant's objections thereto be overruled. The magistrate found that appellant had not presented any evidence that the administrative proceeding had resulted in error; that the evidence showed that the income figures used by the CSEA were accurate and all relevant information was considered and applied; that appellant had not presented any credible or substantial evidence that would justify a deviation from the statutory guidelines; that appellant "grossly exaggerated" the amount of time he spent with his son in 1997 and that $250 spent on clothing is not a significant expenditure; and that appellant had failed to present any evidence as to why granting him the income tax exemption would be to the child's benefit. The magistrate recommended that the agency's findings be accepted and that appellant's objections be overruled; that appellant's child support obligation should be modified to $472.16 per month, effective December 1, 1997, and that appellant's request for the income tax exemption for his son be denied.
On December 24, 1998, the trial court filed a judgment entry in which it sustained the decision of the magistrate. On February 23, 1999, the trial court filed a judgment entry reflecting the decision of the magistrate.
In support of his first assignment of error, appellant argues that the trial court erroneously used $37,049.19 as his 1997 income when it should have found his income, with overtime wages for the past three years averaged and then added to his 1997 base salary, to be $35,734.86.
A parent must demonstrate a change in circumstance to warrant a modification of child support. A substantial change of circumstance can be demonstrated if the new calculation of child support deviates from the existing order by at least ten percent. R.C. 3113.215(B)(4); DePalmo v. DePalmo (1977), 78 Ohio St.3d 535, paragraph two of the syllabus. In this case, the existing order, made at the time of the divorce in 1992, was $200 per month. Although there is a dispute between the figure appellant claims is the proper amount of support and the figure the trial court calculated, whichever of the two is used clearly will amount to a more than ten percent variance with the existing order of $200 per month and, therefore, should be considered a change of circumstance substantial enough to justify a modification of support.
Pursuant to R.C. 3113.215, in calculating a parent's gross income, the trial court must calculate overtime income separately from other income. To arrive at overtime income, the court first averages the overtime received during the three years immediately prior to the child support calculation. The court then compares the three-year average to the overtime income received during the year immediately prior to the child support calculation and enters on the worksheet the lesser of the two amounts. R.C. 3113.215(B)(5)(d). In this case, according to undisputed testimony presented at the hearing before the magistrate, appellant's three-year overtime average of $7,585 was less than his overtime income of $8,900 for 1997. Appellant's straight income for 1997 was $28,149 and when the overtime average of $7,585 is added to that figure, the correct income amount for child support purposes is $35,734, not $37,049 as used by the trial court. Accordingly, appellant's first assignment of error is well-taken.
In support of his second assignment of error, appellant asserts that his child support obligation should be modified downward because he is in possession of his son for a greater amount of time than the standard order of visitation contemplates. The trial court found that appellant had grossly exaggerated the amount of time he spent with his son in 1997 and that there was no support for a deviation from the guidelines on that basis. After a thorough review of the record before us, we find that appellant did not demonstrate a sufficient change of circumstance to justify a deviation from the guidelines and, accordingly, his second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court should have permitted him to claim the parties' son as a dependent for federal income tax purposes. Pursuant to R.C. 3113.21(C)(1)(e), the trial court may award the dependency exemption to the non-custodial parent only if that parent is current on his support obligation. The record reveals that at the time of the trial court's decision, appellant was not current in his child support payments. Accordingly, the trial court did not err by awarding the dependency exemption to appellee and appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed as to the calculation of appellant's 1997 income and remanded for recalculation of appellant's child support obligation consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J., JAMES R. SHERCK, J., and RICHARD W. KNEPPER, P.J., concur.